STATE OF NEBRASKA, APPELLEE, V.
LONNIE L. OBST, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V.
TOMMY R. SPAULDING, APPELLANT.
669 N.W.2d 688

Filed October 14, 2003.    Nos. A-02-764, A-02-1297, A-02-1298.

Jerry J. Fogarty, Deputy Hall County Public Defender, for appellants.

Jon Bruning, Attorney General, Susan J. Gustafson, and Kevin J. Slimp for appellee.

HANNON, INBODY, and MOORE, Judges.

HANNON, Judge.

These three cases are combined for the purpose of this opinion because the principal issues in each case are the same, namely whether a defendant's plea of nolo contendere is properly accepted when the defendant is advised of his or her right against self-incrimination but not that the plea of nolo contendere waives that right, and if it is not, whether such an advisement prejudiced the defendant. We conclude that the failure to advise that a no contest

plea waives the right against self-incrimination is improper, but that under the procedure used by the trial court in these cases, neither defendant was prejudiced. We also conclude that the other issues assigned are not well taken. We therefore affirm.

■ Because no oral argument is allowed after a defendant enters a plea of no contest, the cases were submitted on the briefs. See Neb. Ct. R. of Prac. 11E(5)a (rev. 2000). In this opinion, we use both the term "nolo contendere" and the term "no contest." Nebraska statutes allowing the plea use the term "nolo contendere." See Neb. Rev. Stat. §§ 29-1819 through 29-1819.03 (Reissue 1995 & Cum. Supp. 2002). In the trial court, the term "no contest" was used. We use both terms interchangeably. We do so because the terms "no contest" and "nolo contendere" have the same meaning, with no difference in their connotation, and both terms are regularly used to convey the same concept. See, Black's Law Dictionary 1069, 1070 (7th ed. 1999); 21 Am. Jur. 2d *Criminal Law* § 726 (1998); 22 C.J.S. *Criminal Law* §§ 389 and 398 (1989).

In case No. A-02-1297, Tommy R. Spaulding was charged by information with unlawful possession of a controlled substance, marijuana, with intent to distribute, a Class III felony in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 2002), based upon events occurring on or about October 7, 2001. In case No. A-02-1298, Spaulding was charged by a separate information with unlawful possession of a controlled substance with intent to distribute, a Class III felony in violation of § 28-416(1)(a), and distribution or possession of marijuana without affixing a drug tax stamp, a Class IV felony in violation of Neb. Rev. Stat. § 77-4309 (Reissue 1996), based upon events occurring on or about December 6.

Spaulding was arraigned in case No. A-02-1297 on March 12, 2002, and in case No. A-02-1298 on April 30. Except for the point discussed below, at both arraignments, the judge thoroughly and correctly advised him of his rights. Spaulding does not claim otherwise. He was also advised of the effects of the various pleas, and that advisement was virtually the same as a subsequent advisement given at a rearraignment when he entered the plea at issue. At each initial arraignment, after being told his rights and in response to an inquiry by the court, Spaulding replied that he

did not have any questions about his rights or possible pleas and then pled not guilty.

A rearraignment was held on July 2, 2002, in both cases. Upon the judge's request, Spaulding's counsel informed the judge that in accordance with a plea agreement, Spaulding would plead guilty or no contest to both charges and the prosecution would recommend concurrent sentences. (Later, it was clarified that the no drug tax stamp charge would be dismissed, and it was.) Spaulding was again correctly advised of his rights. The judge then said:

> In a while, the charges against you will be explained to you. At that time, you will be asked to enter a plea of guilty, not guilty, not responsible by reason of insanity, nolo contendere or no contest, or stand mute and the Court will enter a plea of not guilty for you. If you enter a plea of not guilty, your matter will be scheduled for a jury trial.
>
> If you enter a plea of guilty, be advised that you are giving up all the rights I just explained to you except you still retain your right to have an attorney and to have an appeal. You will also be saying that the allegations against you are true.
>
> . . . .
>
> If you enter a plea of no contest, be advised that you are giving up the right to confront witnesses against you, the right to require witnesses to be present on your behalf at any hearing or trial and the right to a jury trial. If you plead no contest, the Court will call upon the State to present evidence in the form of a statement, and you will not contest what they are saying.
>
> If the Court accepts that and finds it sufficient, the Court will find you guilty beyond a reasonable doubt, enter a judgment of conviction, gather information for sentencing, and then sentence you as provided by law.
>
> Do you understand what your possible pleas can be in this matter?

Spaulding answered, "Yes."

The no drug tax stamp charge was dismissed, and the court advised Spaulding of the crimes for which he was charged and the possible penalties. Spaulding then formally entered a plea of no

contest to both charges. The judge then asked, "Do you under-stand that by pleading no contest, you are giving up all the rights I just explained to you with regard to a no-contest plea?" Spaulding replied, "Yes." The judge inquired of Spaulding whether the pleas were knowingly, intelligently, and voluntarily made and of Spaulding's attorney whether the pleas were consistent with the informations charging Spaulding, and Spaulding and his attorney answered the questions in the affirmative. A factual basis was obtained. The judge stated the plea agreement and asked Spaulding whether it was correct and whether he understood that the judge did not have to follow the plea agreement, and Spaulding twice answered, "Yes." The judge made the necessary findings, and the proceeding was concluded. Spaulding received a sentence of 3 to 5 years' imprisonment on each count, with the sentences to run concurrently with each other.

On February 19, 2002, Lonnie L. Obst was charged by infor-mation with count I, second degree assault, a Class IIIA felony in violation of Neb. Rev. Stat. § 28-309(1) (Cum. Supp. 2002); count II, use of a deadly weapon to commit a felony, a Class III felony in violation of Neb. Rev. Stat. § 28-1205(1) (Reissue 1995); and count III, being a habitual criminal, under Neb. Rev. Stat. § 29-2221(1) (Reissue 1995). On that same date, he was advised of his rights, including the effect of a guilty plea but not the effect of a no contest plea. On February 26, Obst was advised of his rights in a group arraignment, again including the effect of a guilty plea but not that of a no contest plea. He was advised of the charges against him and pled not guilty at that time.

Obst was rearraigned on April 8, 2002. The charge was amended, and he was again advised of his rights. The judge then stated:

> If you enter a plea of guilty, be advised that you are giv-ing up all the previous rights the Court has explained to you except for your right to an attorney, and you will be admitting the truth of the charges against you. . . .
>
> If you enter a plea of no contest, you are giving up the right to be confronted by witnesses against you, the right to require witnesses to be present at any hearing or trial and to have them testify on your behalf, and the right to a jury trial. By [your] pleading no contest, the Court will call

upon the State to present evidence in the form of a statement, and by your plea of no contest you are stating that you will not be contesting the truthfulness of that statement. If the statement is sufficient, the Court will find you guilty beyond a reasonable doubt, enter a judgment of conviction, gather information for sentencing, and sentence you as provided by law.

The judge asked Obst whether he had questions about his possible pleas, and Obst said that he did not. A plea agreement which provided for a plea of no contest to count I and a sentence enhanced by the habitual criminal charge, in exchange for the dismissal of count II and other unrelated charges, was stated. The court explained the charges and penalties to Obst, and Obst entered a plea of no contest to count I, second degree assault. The prosecutor recited the factual basis for the charge. The judge accepted Obst's plea of no contest, made the required findings, and found him guilty of count I. The court next addressed the habitual criminal charge. A stipulation for three previous convictions was entered into, and upon inquiry, Obst agreed with the stipulation. The court found Obst to be a habitual criminal and stated that his sentence for count I would be enhanced accordingly.

On May 24, 2002, Obst filed a motion to withdraw his no contest plea of April 8, stating that it had not been knowingly, voluntarily, or intelligently made and that fair and just reason existed to allow the withdrawal. At the evidentiary hearing on that motion, the stated reasons supporting the motion were Obst's mental, emotional, and intellectual problems and his claim of not being able to understand the time he would spend in prison under the plea. The adequacy of the judge's preplea advisement of Obst was not mentioned. The court denied Obst's motion and sentenced him to 10 to 15 years' imprisonment, with credit for 172 days served.

## ASSIGNMENTS OF ERROR

Spaulding alleges that the trial court erred in (1) finding that his no contest pleas and waiver of his right against self-incrimination were made knowingly, voluntarily, and intelligently and (2) imposing excessive sentences.

Obst alleges, restated, that the trial court erred in (1) finding that his no contest plea was made knowingly, voluntarily, and intelligently; (2) finding that his waiver of his right against self-incrimination and his right of confrontation was made knowingly, voluntarily, and intelligently; (3) finding that his stipulation to the prior convictions was sufficient to enhance his sentence under the habitual criminal statutes when he had not stipulated that the prior convictions were counseled; and (4) imposing an excessive sentence.

## STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Paul,* 256 Neb. 669, 592 N.W.2d 148 (1999). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

An appellate court always reserves the right to note plain error which was not complained of at trial. *State v. Davlin,* 263 Neb. 283, 639 N.W.2d 631 (2002). Plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

An appellate court will not disturb sentences within statutory limits, unless the district court abused its discretion in establishing the sentences. *State v. Leonor,* 263 Neb. 86, 638 N.W.2d 798 (2002).

## ANALYSIS

In order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he

or she understands the foregoing. *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. *Id.*

The defendants argue that they did not knowingly, voluntarily, and intelligently waive their respective privileges against self-incrimination and that therefore, their pleas were invalid. We have not quoted or attempted to summarize the full advisements of rights the court gave the defendants. We have done so only for the statements touching upon the effect of a no contest plea on a defendant's right against self-incrimination. We observe that except for this one issue, the advisements were as thorough and correct as any we have seen. The defendants do not argue otherwise.

Both defendants were clearly correctly advised of their right against self-incrimination. The only issue is whether they were correctly advised on whether the plea of no contest waived that right. On the issue common to all the cases herein, two questions we are faced with considering are (1) whether by pleading no contest, a defendant waives the right against self-incrimination, and (2) whether a judge must advise a defendant to that effect. Since neither defendant raised these questions in the trial court, a third question is whether we should notice the issue as plain error. In order to determine whether we should consider the first two questions at all, we will first consider the third question.

■ With regard to the validity of a plea of guilty, the basic rule is as follows:

> It is plain error for a trial judge to accept a criminal defendant's guilty plea without an affirmative showing that it was intelligent and voluntary, *State v. Dodson*, 250 Neb. 584, 550 N.W.2d 347 (1996)[, *overruled on other grounds, State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999)]; *Sullivan v. State*, [636 A.2d 931 (Del. 1994)], and a conviction must be set aside if it is the result of an invalid plea, *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984); *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981).

*State v. Hays*, 253 Neb. 467, 475, 570 N.W.2d 823, 829 (1997).

We do not find that rule applied to a case where the defendant pled no contest, but the rule has been applied to a case where the defendant was not correctly advised on the effect of a plea of guilty. See *State v. Hays, supra.* Notwithstanding the rule limiting the effect of a plea of no contest on subsequent proceedings, the effect of a plea of no contest in the case wherein it is made is clearly the same as that of a plea of guilty; that is, the court finds the defendant guilty of the crime to which the plea was made. Therefore, we conclude that if the trial court erred by incorrectly advising the defendants of the effect of a waiver of their right against self-incrimination by a plea of no contest and if that error prejudiced the defendants, the error is one we should notice as plain error.

In the conclusion portion of the *Hays* opinion, the court said:
[A] guilty plea is valid only if the record affirmatively shows that a defendant understands that by pleading guilty he waives his right to confront witnesses against him, his right to a jury trial, and his privilege against self-incrimination, or otherwise affirmatively shows an express waiver of said rights.
253 Neb. at 476, 570 N.W.2d at 829.

A fair reading of the advisements the trial judge gave in the instant cases shows that the judge did not intend to advise the defendants that they were waiving their right against self-incrimination by pleading no contest. The State argues that in giving the advisements to the defendants which it did, the trial court was recognizing the distinction between guilty pleas and pleas of no contest. The State argues that by pleading no contest, a defendant makes no admission of guilt and therefore does not waive the right against self-incrimination. We understand that the nature of the no contest plea can give rise to the notion that a defendant does not waive that right by so pleading. Alas, after considerable research, we have concluded that this notion is wrong. We find that in respect to a waiver of constitutional rights, neither the Nebraska Supreme Court nor any other authority makes any such distinction.

One authority states: "The fact that a guilty or nolo contendere plea constitutes a waiver of certain constitutional rights by the defendant is among the consequences of entry of a

plea of guilty that must be understood by the defendant prior to entry of a valid guilty plea." 21 Am. Jur. 2d *Criminal Law* § 670 at 668 (1998). In a latter section, that authority states, "It has been held that a defendant must be informed, before entering a valid guilty or nolo contendere plea, that such a plea waives his or her privilege against self-incrimination." *Id.*, § 672 at 669. For that proposition, the authority cites six cases, including *State v. Dodson*, 250 Neb. 584, 550 N.W.2d 347 (1996), *overruled on other grounds, State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999). None of the cases cited involved a no contest plea. We find no case which on its facts holds that a defendant either does or does not waive his or her right against self-incrimination by entering a no contest plea. The above position is perhaps explained by a latter section of the same authority:

> It has been held that, for practical purposes, a plea of nolo contendere is a plea of guilty, or the functional or substantive equivalent of such a plea. In other words, a plea of nolo contendere has the same effect as a plea of guilty with regard to the case in which it is entered . . . .

21 Am. Jur. 2d, *supra*, § 728 at 703. In that section, we find no suggestion that there is a difference between the constitutional rights waived by a defendant by a no contest plea and those so waived by a guilty plea.

In 22 C.J.S. *Criminal Law* § 399 at 469 (1989), we find the statement, "The difference between the plea of nolo contendere and a plea of guilty appears simply to be that, while the latter is a confession or admission of guilt binding [the] accused in other proceedings, the former has no effect beyond the particular case." In 22 C.J.S, *supra*, §§ 400 through 407, the record and the advisements by the court needed to support the necessary and required finding that such a plea is voluntary are discussed, and that discussion makes no distinction between the two pleas in regard to the necessary advisements.

The treatment in this area by the ABA Standards for Criminal Justice (2d ed. 1980 & Supp. 1986) throws some light on the subject. In Standard 14-1.4, that work makes no distinction between a nolo contendere plea and a guilty plea. In the commentary on "Determining accuracy of plea" of Standard 14-1.6 at 14·35, the work states that it disagrees with the federal rules

of criminal procedure, which do not require a factual basis in the event of a nolo contendere plea, but goes on to state: "In establishing a factual basis for the nolo [contendere] plea, the court presumably would refrain from interrogating the defendant personally, lest the nolo [contendere] plea become even more similar to the guilty plea. Methods of establishing a factual basis are discussed below." We find no discussion that recognizes that this problem in any way changes the advisement that a judge should make to a defendant about to plead nolo contendere. All of this leads us to the conclusion that the Nebraska Supreme Court meant what it said when it stated:

To support a finding that a plea of guilty or *nolo contendere* has been voluntarily and intelligently made,

"1. The court must

"a. inform the defendant concerning (1) the nature of the charge; (2) the right to assistance of counsel; (3) the right to confront witnesses against the defendant; (4) the right to a jury trial; and (5) the privilege against self-incrimination . . . ."

(Emphasis supplied.) *State v. Hays,* 253 Neb. 467, 471-72, 570 N.W.2d 823, 827 (1997), quoting *State v. Irish,* 223 Neb. 814, 394 N.W.2d 879 (1986).

The State argues that the defendants are required to make a showing that they were prejudiced by the court's omission. In support of that argument, it cites *State v. Paul,* 256 Neb. 669, 592 N.W.2d 148 (1999), for the proposition that the Nebraska Supreme Court requires a showing of prejudice by a criminal defendant alleging that he or she was improperly advised before entering a plea of guilty or no contest. In *Paul,* the defendant was correctly advised except that through omission, the judge did not advise him of his right to counsel at sentencing after he pled guilty. He did not have counsel when he was sentenced. This failure was held not to have been prejudicial with respect to the acceptance of the defendant's guilty plea, but prejudicial to the extent that he did not have counsel at sentencing. The defendant's request to have his plea set aside was denied, but the cause was remanded for resentencing after the defendant was advised of his right to have counsel at sentencing. *Id.* The *Paul* court thus overruled *State v. Dodson,* 250 Neb. 584, 550 N.W.2d 347 (1996), but

not the holding therein that inaccurately instructing a criminal defendant regarding the constitutional right to counsel renders a guilty plea invalid and constitutes plain error. In *Dodson*, the majority held that the lack of prejudice was not a ground for overlooking the error, and three judges dissented. We read *Paul* to hold that even when there is a failure of a trial court to correctly advise on a constitutional right prior to a plea of guilty or no contest, the plea will not be set aside on the basis of this error when the error did not prejudice the defendant.

In *State v. Dupsky*, 10 Neb. App. 650, 635 N.W.2d 539 (2001), this court set aside a plea-based conviction when a defendant had pled no contest, because the defendant had not been correctly advised of his right against self-incrimination. In *Dupsky*, the court had mentioned the defendant's right against self-incrimination only in connection with questions the judge was about to ask him. He was not otherwise correctly advised of his right against self-incrimination, particularly at any trial. In *Dupsky*, we did not consider whether the defendant was prejudiced by the incorrect advisement. However, as noted above, the record showed that the court did not correctly advise the defendant of his privilege against self-incrimination. The record did not show that the defendant in that case had not been prejudiced, and the only way the error could be corrected was to start with a rearraignment and a correct advisement on the right against self-incrimination.

In the cases at hand, the record shows that the defendants were correctly advised about their right against self-incrimination, and the only error was in not advising them that by pleading no contest, they were waiving that right. One of the reasons why we are convinced that the trial judge thought the advisement on the effect of the no contest plea was correct is the fact that the judge carefully avoided asking either of the defendants any questions which might tend to incriminate them. The judge did ask Obst whether he stipulated to certain convictions that the State was using to enhance the sentence for the charge to which he pled no contest, but that was part of the plea bargain. Therefore, while the defendants were incorrectly advised of the effect of their pleas of no contest in the proceedings in which the pleas were made, because the effect of these

pleas was to allow the defendants to be found guilty of a crime, they were in fact otherwise allowed to remain silent in those proceedings. They were correctly advised as to what could and did happen as a result of their pleas; that is, they were told that they would be found guilty. The error was one of form, not substance. It appears that maybe a judge who has correctly advised a defendant that a plea of no contest waives the right against self-incrimination could ask the defendant questions to establish a factual basis, but that practice is usually not followed. Perhaps a more correct advisement in a case where a plea of no contest is being considered would be for the judge to tell the defendant that the effect of a plea of no contest is to waive the privilege against self-incrimination for the purpose of that case. However, we can think of no prejudice that resulted from the advisement given in these cases. While it would be plain error for a trial court to accept a criminal defendant's guilty plea without an affirmative showing that it was intelligently and voluntarily made, see *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997), at least when the record affirmatively shows that an error in advising the defendant of the effect of a plea was not prejudicial to the defendant, the plea need not be set aside, *State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999). We therefore conclude that the trial court's advisement does not justify setting the plea-based convictions of these defendants aside.

Obst additionally assigns error to the trial court's finding that his prior convictions were sufficient to enhance the sentence for the crime to which he pled no contest, when he did not stipulate that said prior convictions were counseled. This error is simply based upon an erroneous reading of the record. It was stipulated that the convictions were counseled.

Obst further claims that the trial court erred in not advising him that his no contest plea waived his right "to the confrontation of adverse witnesses." Brief for appellant at 9. He was advised more than once on the subject of this right, as follows:

> You have the right to confront all witnesses against you. That is, to see, hear, question and cross-examine those witnesses who may testify against you at hearing or trial.
>
> You have the right to require witnesses to be present at any hearing or trial and to have them testify on your behalf.

The court advised Obst that by entering a no contest plea, "you are giving up the right to be confronted by witnesses against you [and] the right to require witnesses to be present at any hearing or trial and to have them testify on your behalf." In his reply brief, Obst seeks to distinguish the right to confront witnesses from the right to be confronted by them at any trial. We conclude that this assignment of error is without merit, as the court's advisement on the subject was full and complete.

Both defendants also allege that their sentences were excessive. Obst argues that the habitual criminal statutes under which he was sentenced are unconstitutional. This court has no authority to consider the unconstitutionality of a statute. Neb. Rev. Stat. § 24-1106 (Reissue 1995); Neb. Const. art. V, § 2. The sentence imposed on a defendant will not be disturbed in the absence of an abuse of discretion. See *State v. Leonor*, 263 Neb. 86, 638 N.W.2d 798 (2002). We have studied Obst's argument and the facts he asserts as the basis for a lower sentence and fail to find any abuse of discretion; nor do we find an abuse of discretion in the sentences imposed on Spaulding.

## CONCLUSION

Finding no prejudicial error in the advisements given before the defendants' pleas of no contest and no abuse of discretion in any of the sentences, we affirm.

AFFIRMED.