STATE OF NEBRASKA, APPELLEE, V.
JODY LYNN WIEMER, APPELLANT.
725 N.W.2d 416

Filed December 12, 2006.    No. A-06-367.

Alan G. Stoler, of Law Office of Alan G. Stoler, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

IRWIN, MOORE, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Jody Lynn Wiemer appeals from the sentence imposed, pursuant to a plea of no contest, for theft by unlawful taking. Because the district court's colloquy in the proceeding did not require Wiemer to make admissions beyond her no contest plea, we reject her claim that the plea was not voluntarily, intelligently, and knowingly made. We also find no abuse of discretion in the sentence imposed. Accordingly, we affirm.

## BACKGROUND

While employed as a clerical worker for Batterton Waterproofing from January 2003 through October 2004, Wiemer unlawfully diverted approximately $23,558. The State commenced a prosecution for theft by unlawful taking, a Class III felony, in the district court for York County. On January 9, 2006, Wiemer entered a plea of no contest. In the course of the proceedings regarding that plea, the trial court inquired:

> Now that plea admits that you were in York County, Nebraska, during the period on or about February 4th, 2003, to on or about October 1st of 2004. That you took or exercised control of movable property of another, that you intended to deprive the owner of that property thereof, and the other person involved — the owner is Batterton Waterproofing, all according to one scheme or course of conduct, and that the property involved had a value of more than $1,500. Now you're admitting all of that's true for purposes of allowing me to find you guilty without a trial but not for any other purpose. Do you understand that?

Wiemer responded affirmatively.

After an extensive colloquy, the district court accepted Wiemer's plea of no contest and adjudged Wiemer guilty as charged. The court ordered a presentence investigation. After a later sentencing hearing, the court sentenced Wiemer to 5 to 8 years' imprisonment with credit for 1 day served and ordered her to pay the costs of prosecution. Other facts relating to the sentence imposed by the court below will be set forth in the analysis section where appropriate.

Wiemer timely appeals.

## ASSIGNMENTS OF ERROR

Wiemer asserts that her plea was not voluntarily, intelligently, and knowingly made. Wiemer also claims that the district court abused its discretion in imposing an excessive sentence.

## STANDARD OF REVIEW

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *State v. Keen*, 272 Neb. 123, 718 N.W.2d 494 (2006).

When a trial court's sentence is within the statutory guidelines, the sentence will only be disturbed by an appellate court when an abuse of discretion is shown. *State v. Vasquez*, 271 Neb. 906, 716 N.W.2d 443 (2006).

## ANALYSIS

*No Contest Plea.*

Although Wiemer generally assigned that her plea was not made voluntarily, intelligently, and knowingly, her argument is more narrowly focused. She implicitly concedes that the trial court performed all of the functions required by *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), and subsequent cases. Indeed, she contends that the trial court went too far and "required [her] to admit to the incriminating facts before accepting the no contest plea." Brief for appellant at 8. She argues that requiring a defendant to admit to a factual basis affirmatively on the record defeats the purpose of a no contest plea and that as a result, the plea was not voluntarily, intelligently, and knowingly made. Wiemer relies on *State v. Irish, supra*, as an accurate statement of the law concerning what a record must show to support a finding that a plea of no contest has been entered freely, intelligently, voluntarily, and understandingly. She provides no other authority for the proposition that the district court's inquiry in the instant case actually required her to admit to incriminating facts.

The State responds that when read in the context of the entire plea hearing, the district court, in the passage attacked by Wiemer, was simply ensuring both that Wiemer knowingly and intelligently understood the charge against her and that she voluntarily assented to it. We agree.

As we have said before, the terms "no contest" and "nolo contendere" have the same meaning, with no difference in their connotation, and both terms are regularly used to convey the same concept. *State v. Obst*, 12 Neb. App. 189, 669 N.W.2d 688 (2003). For practical purposes, a plea of nolo contendere is a plea of guilty, or the functional or substantive equivalent of such a plea. In other words, a plea of nolo contendere has the same effect as a plea of guilty with regard to the case in which it is entered. *Id.* The difference between a plea of nolo contendere and a plea of guilty appears simply to be that while the

latter is a confession or admission of guilt binding the accused in other proceedings, the former has no effect beyond the particular case. *Id.*

■ A guilty plea is valid only if the record affirmatively shows that a defendant understands that by pleading guilty, the defendant waives the right to confront witnesses against him or her, the right to a jury trial, and the privilege against self-incrimination, or otherwise affirmatively shows an express waiver of said rights. Thus, to support a finding that a plea of guilty or nolo contendere has been voluntarily and intelligently made, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he or she understands the foregoing, including, in the absence of an express waiver of such rights by the defendant, whether the defendant understands that by pleading guilty, the defendant waives his or her privilege against self-incrimination, right to confront witnesses, and right to a jury trial. Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999).

In the case before us, the question was framed not as to specific facts, but, rather, addressing the elements of the crime using only words essentially equivalent to the language of the statute creating the offense. The district court carefully explained to Wiemer that her no contest plea was admitting the allegations "for purposes of allowing [the court] to find [Wiemer] guilty without a trial *but not for any other purpose.*" (Emphasis supplied.) When read in context, it is clear that the district court was simply examining Wiemer to ensure that she understood the charge against her and understood the effect of the plea of no contest.

Our view of the court's question is also supported by the fact that later in the plea colloquy, the court requested a factual basis from the prosecutor. The prosecutor responded with a lengthy exposition of the specific facts concerning the offense. Although the court offered both Wiemer and her counsel the opportunity

to comment on the factual basis provided by the prosecutor, they declined, and the court did not insist upon any comment from Wiemer regarding the specific facts. This bolsters our view that the question upon which Wiemer focuses on appeal was not intended to provide the factual basis for the plea.

We reject Wiemer's argument that her affirmative response to the court's question constituted an admission to any specific facts beyond her understanding both of the nature of the charge against her and of the effect of the plea of no contest.

*Excessive Sentence.*

In regard to Wiemer's assignment that the sentence imposed was excessive, she argues that the district court failed to make specific findings regarding the statutory sentencing factors and abused its discretion in imposing a sentence of imprisonment rather than probation. In the alternative, Wiemer argues that the court abused its discretion concerning the length of the sentence.

Wiemer fails to cite, nor have we found, any authority for the proposition that a sentencing court is required to make specific findings in determining the sentence to be imposed. In considering a sentence to be imposed, the sentencing court is not limited in its discretion to any mathematically applied set of factors. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Aldaco,* 271 Neb. 160, 710 N.W.2d 101 (2006). We find Wiemer's argument on this issue to lack merit.

We next turn to Wiemer's arguments that she should have been sentenced to probation or that the length of her sentence of imprisonment was too long. Factors a judge should consider in imposing a sentence include the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *Id.* Whether the sentence imposed is probation or incarceration is a matter within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an

abuse of discretion. *State v. Spurgin*, 261 Neb. 427, 623 N.W.2d 644 (2001).

While Wiemer implicitly concedes that her sentence was within the statutory limits, she nonetheless argues that it was excessive, relying upon information from the presentence report. The report showed that Wiemer was a 36-year-old single mother caring for a 15-year-old child, that she had been receiving ongoing counseling, that she had been prescribed various medications and had been diagnosed as suffering from dissociative amnesia and major depression, that she had gained new employers who wanted her to continue in their employ, that she had been twice divorced, that she had obtained a diploma through the GED program, that both her parents had recently died, that she was in a stable relationship with a man whom she hoped to marry in the near future, and that she had previously been convicted of misdemeanor fraud, for which she paid a fine, and had been convicted of misdemeanor theft, for which she satisfactorily completed probation.

In response, the State focuses on Wiemer's previous conviction for theft by deception and notes that she was only a few months into her probationary period when she began to steal from the victim in the instant case. The State also argues that the crime in the instant case substantially affected the victim by resulting in a considerable drop in the company's credit rating, numerous late fees, and significant charges on the company's credit cards. The State also notes that Wiemer's actions have caused her former employer's personnel to reduce the area served by the company and to spend many months working evenings and weekends to find and rectify Wiemer's errors and that her actions have placed the ultimate existence of the company in jeopardy.

Wiemer's elaborate scheme required considerable effort to hide the transactions, contradicting Wiemer's claim that her thought processes were "significantly [a]ffected by her mental health condition." Brief for appellant at 11. The record demonstrates that the district court considered the full range of factors required by the controlling law. We find no abuse of discretion in the district court's refusal to utilize a sentence of probation or in the length of the imprisonment imposed.

## CONCLUSION

We find that in the proceedings to determine whether to accept Wiemer's plea of no contest, the trial court's question regarding Wiemer's understanding of the nature of the crime and the effect of the plea did not require Wiemer to make an admission contrary to the nature of such a plea. We find no abuse of discretion in the imposition of imprisonment rather than probation or in the length of imprisonment imposed. We therefore affirm the judgment of the district court.

AFFIRMED.