769 N.W.2d 413 (2009)
17 Neb. App. 788
STATE of Nebraska, appellee,
v.
Jeremy J. HAMMEL, appellant.
No. A-08-1061.
Court of Appeals of Nebraska.
July 21, 2009.
Mary Leanne Wells Kendall for appellant.
*414 Jon Bruning, Attorney General, and George R. Love, Columbus, for appellee.
INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.
INBODY, Chief Judge.

INTRODUCTION
This case comes before this court as Jeremy J. Hammel appeals the sentence imposed by the Douglas County District Court, prior to which Hammel pled no contest to one count of child abuse. Pursuant to Neb. Ct. R.App. P. § 2-111(E)(5)(a), this case was submitted without oral argument.

STATEMENT OF FACTS
On June 13, 2008, the State filed an amended information charging Hammel with one count of child abuse, a Class III felony. Hammel initially pled not guilty but eventually filed a motion to withdraw that plea and entered a plea of no contest.
At the plea hearing, the district court engaged in a lengthy discussion with Hammel about his rights, the charge, and the penalty for said charge. Upon inquiring as to any plea bargains, the following discussion was had:
THE COURT: And are there any plea bargains involved in this case?
[Counsel for the State:] Yes, there are, Your Honor. It's my understanding that [Hammel is] pleading straight as he is today, that the State does not have any objection to a minimum of four years['], maximum of six years[']
THE COURT: All right.
[Counsel for the State:] incarceration.
THE COURT: Is it my understanding that your counsel ... will request a sentence of no greater than the four to six that was justfour to six years that was just discussed by the prosecutor?
[Counsel for Hammel:] Yes, sir, respectfully.
A factual basis was given by the State, and the district court found that the factual basis was sufficient, that Hammel understood the possible penalties, and that the plea was entered freely, knowingly, intelligently, and voluntarily.
At the sentencing hearing, the district court heard statements from the child's mother and grandmother and indicated that the presentence report had been completed and reviewed. The district court then inquired of Hammel and his counsel whether "the plea bargain was no more than six years." Hammel's counsel answered in the affirmative, and then the district court sentenced Hammel to a term of 6 to 6 years' imprisonment with credit for 218 days served. After the sentence was pronounced, the following was stated on the record, "[Counsel for Hammel:] Excuse me Judge. It wasthe agreement was four to six years. THE COURT: No, the agreement was in the range of four to six years." No other objections were made, and the hearing was adjourned. Hammel has timely appealed to this court.

ASSIGNMENTS OF ERROR
Hammel contends that the district court erred by not fully informing him of the consequences of his plea and by abusing its discretion by imposing an excessive sentence.

ANALYSIS
Hammel argues that the district court erred by not fully informing him of the consequences of his plea when it did not advise him that the district court was not bound by the sentencing negotiations and prosecutor's recommendation.
*415 [1] To support a finding that a plea of guilty or nolo contendere has been voluntarily and intelligently made, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he or she understands the foregoing, including, in the absence of an express waiver of such rights by the defendant, whether the defendant understands that by pleading guilty, the defendant waives his or her privilege against self-incrimination, right to confront witnesses, and right to a jury trial. State v. Louthan, 257 Neb. 174, 595 N.W.2d 917 (1999); State v. Irish, 223 Neb. 814, 394 N.W.2d 879 (1986); State v. Wiemer, 15 Neb.App. 260, 725 N.W.2d 416 (2006). Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. State v. Irish, supra.
[2] In the instant case, the district court informed Hammel as to the nature of the charge and the constitutional rights given up by entering a plea. Hammel was advised that child abuse was a Class III felony, punishable by a potential sentence of 1 to 20 years' imprisonment, a $25,000 fine, or both. The State indicated that, pursuant to the plea agreement, there would be no objection to a sentence of a "minimum four years['], maximum six years['] ... incarceration." A factual basis was then given by the State; however, the district court did not inform Hammel, at any time, that the court was not bound by any sentencing recommendation.
Under the specific facts of this particular case, because the district court failed to accurately advise Hammel of the range of penalties for the crime, i.e., that the district court was not bound by the plea agreement made with the State, we find that Hammel was not adequately advised as to the complete range of penalties available to the district court for sentencing. Therefore, Hammel's no contest plea could not have been entered freely, voluntarily, knowingly, and intelligently. See State v. Irish, supra. Consequently, we must remand the cause to the district court with directions to vacate Hammel's conviction and sentence and to hold further proceedings.
Given our resolution of this assignment of error, we need not address Hammel's remaining assignment of error regarding excessive sentence. See Papillion Rural Fire Prot. Dist. v. City of Bellevue, 274 Neb. 214, 739 N.W.2d 162 (2007) (appellate court is not obligated to engage in analysis which is not needed to adjudicate controversy before it).
REVERSED AND REMANDED WITH DIRECTIONS.