STATE OF NEBRASKA, APPELLEE, V. REGINALD D. PORCHIA,
APPELLANT.
376 N.W.2d 800

Filed November 22, 1985.   No. 85-281.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Robert M. Spire, Attorney General, and Mel Kammerlohr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The appellant, Reginald D. Porchia, was originally charged by information filed in the district court for Douglas County, Nebraska, with assault in the second degree and use of a knife to commit a felony. Subsequently, Porchia pled guilty to second degree assault and was thereafter sentenced to a term of 2 years' imprisonment.

The single issue presented to this court is whether Porchia's federal constitutional rights were violated in that his guilty plea was not voluntarily, knowingly, and intelligently entered. An examination of the record discloses that while the district court did inquire of Porchia with regard to a number of matters before accepting his plea of guilty, it did not ask Porchia whether Porchia understood that by entering a plea of guilty he was waiving his right to confront witnesses and to cross-examine them, as guaranteed to him by the sixth and fourteenth amendments to the U.S. Constitution. We believe that, in light of our previous holdings on these matters, the

district court's failure to especially inquire on the record whether Porchia understood that by entering a plea of guilty he was waiving his right to confront and cross-examine witnesses, the conviction and sentence must be set aside and the matter remanded to the district court for Douglas County, Nebraska, for further proceedings.

In *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), in syllabuses of the court, we held:

> A plea of guilty must not only be intelligent and voluntary to be valid but the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily.

> A defendant who pleads guilty to a misdemeanor in which a sentence of imprisonment is legally permissible is entitled to be informed of the nature of the charges against him, the right to assistance of counsel, *the right to confront witnesses against him*, the right to a jury trial, and the privilege against self-incrimination, and the record must *affirmatively* show a voluntary and intelligent waiver of these rights.

(Emphasis supplied.)

In view of the fact that the record here is silent with regard to Porchia's knowingly and intelligently waiving his right to confront witnesses and cross-examine them, we have no other alternative but to vacate the conviction and sentence and to remand the matter to the district court for Douglas County, Nebraska, for further proceedings consistent with this opinion. See, *State v. Branch*, 220 Neb. 754, 371 N.W.2d 740 (1985); *State v. Fischer*, 218 Neb. 678, 357 N.W.2d 477 (1984); *State v. McMahon*, 213 Neb. 897, 331 N.W.2d 818 (1983).

REMANDED FOR FURTHER PROCEEDINGS.