STATE OF NEBRASKA, APPELLEE, V. JOHN H. HAYS, APPELLANT.

570 N.W. 2d 823

Filed December 5, 1997.   No. S-96-870.

Robert B. Deck for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CONNOLLY, J.

John H. Hays pled guilty to charges of disturbing the peace and criminal mischief in the county court for Cedar County. He later appealed his convictions to the district court and then to the Nebraska Court of Appeals, both of which affirmed. We granted Hays petition for further review to determine whether a

trial court must obtain an affirmative, express waiver of a criminal defendant's right to confront witnesses, right to jury trial, and privilege against self-incrimination before accepting a guilty plea. We reverse, and remand with directions, concluding that an affirmative, express waiver of the above rights is required and that the record does not affirmatively disclose such a waiver in this case.

## BACKGROUND

On January 3, 1996, Hays appeared pro se before the county court for arraignment on charges of disturbing the peace, Neb. Rev. Stat. § 28-1322 (Reissue 1995), and criminal mischief, Neb. Rev. Stat. § 28-519 (Reissue 1995). The trial court conducted a group arraignment, advising all defendants of their rights en masse. The court advised the group of their privilege against self-incrimination; right to a fair, speedy, public jury trial; right to call and confront witnesses; right to counsel; presumption of innocence and the prosecution's burden to prove a criminal defendant guilty beyond a reasonable doubt; right to plead guilty, not guilty, no contest, or stand mute; and right to an appeal. The court then called cases individually.

When Hays' case was called, the following colloquy between the court and Hays occurred:

THE COURT: . . . I would point out to the defendant, Count I, you're charged with disturbing the peace. That's a Class II. It carries a maximum of six months in jail or a $1,000 fine or both. Count II, you're charged with criminal mischief. That's a Class III. It carries a maximum of three months in jail or $500 fine or both. Now do you understand the charges against you and the possible penalties?

MR. HAYS: Yes.

THE COURT: Do you waive the reading of the complaint?

MR. HAYS: Yes.

THE COURT: Were you present in the courtroom when I read everyone their rights?

MR. HAYS: Yes.

THE COURT: Do you understand your rights?

MR. HAYS: Yes.

THE COURT: Going back to your right to have an attorney, do you wish to have an attorney in this matter, or do you wish to go ahead today without an attorney?

MR. HAYS: Without.

THE COURT: Defendant having waived his right to an attorney, are you ready to enter a plea?

MR. HAYS: Yes.

THE COURT: And what is that plea?

MR. HAYS: Guilty.

THE COURT: Is that guilty on each count?

MR. HAYS: Yes.

The trial court also completed a checklist-type journal entry indicating that Hays had been advised of the presumption of innocence and that the prosecution must prove him guilty beyond a reasonable doubt; his right to remain silent; his right to a jury trial; his right to a speedy, fair, public and impartial trial; his right to confront witnesses and to summon witnesses on his own behalf; his right to an attorney, court appointed if indigent; and his right to appeal any final decision of the trial court and a transcript for that purpose. The checklist also indicated that Hays had waived his right to counsel. However, it did not indicate that Hays had waived his other rights or that Hays understood that he was waiving those rights by pleading guilty. The checklist did not contain a space to indicate that those rights had been waived. Nonetheless, spaces were checked indicating that Hays had entered a plea of guilty to both counts "voluntarily, knowingly and intelligently, with full understanding of the consequences."

Hays filed a notice of appeal to the district court for Cedar County from the disturbing the peace and criminal mischief convictions. Apparently, Hays did not file a separate statement of errors for his appeal to the district court, as required by Neb. Ct. R. of Cty. Cts. 52(I)(G) (rev. 1996). Accordingly, the district court reviewed Hays' appeal for plain error. Finding no plain error, the district court affirmed the judgment of the county court.

Hays then appealed the district court's decision to the Court of Appeals. The Court of Appeals, in a memorandum opinion

filed May 15, 1997, affirmed the judgment of the district court. The Court of Appeals agreed with the district court that its review was limited to plain error. In its plain error review, the Court of Appeals concluded that the "record conclusively establishes that the [trial] court advised Hays of his rights and then examined him to ensure that he knew and understood his rights and was making a voluntary and intelligent waiver of them." Thus, the Court of Appeals found no plain error.

## ASSIGNMENTS OF ERROR

Hays asserts as error that (1) no factual basis was presented to the county court to sustain a conviction for disturbing the peace; (2) there was no knowing, intelligent waiver by Hays of his rights, and the record does not affirmatively reflect a voluntary and intelligent waiver of those rights; and (3) the factual basis used by the county court to establish Hays' convictions was not supported by sufficient evidence, and Hays was not allowed to reply to the factual basis offered.

## STANDARD OF REVIEW

Appellate review is limited to those errors specifically assigned as error in an appeal to a higher appellate court. *In re Estate of Soule*, 248 Neb. 878, 540 N.W.2d 118 (1995).

An appellate court always reserves the right to note plain error which was not complained of at trial or on appeal. *State v. Adams*, 251 Neb. 461, 558 N.W.2d 298 (1997); *State v. Campbell*, 247 Neb. 517, 527 N.W.2d 868 (1995).

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Kula*, 252 Neb. 471, 562 N.W.2d 717 (1997); *State v. Williams*, 247 Neb. 878, 530 N.W.2d 904 (1995); *State v. Campbell, supra*; *State v. Wragge*, 246 Neb. 864, 524 N.W.2d 54 (1994).

## ANALYSIS

To support a finding that a plea of guilty or nolo contendere has been voluntarily and intelligently made,

　　1. The court must

　　a. inform the defendant concerning (1) the nature of the charge; (2) the right to assistance of counsel; (3) the right

to confront witnesses against the defendant; (4) the right to a jury trial; and (5) the privilege against self-incrimination; and

b. examine the defendant to determine that he or she understands the foregoing.

2. Additionally, the record must establish that

a. there is a factual basis for the plea; and

b. the defendant knew the range of penalties for the crime with which he or she is charged.

*State v. Irish*, 223 Neb. 814, 820, 394 N.W.2d 879, 883 (1986). Accord, *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995); *State v. Walker*, 235 Neb. 85, 453 N.W.2d 482 (1990). A voluntary and intelligent waiver of the above rights must affirmatively appear from the face of the record. *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981).

When there has been a group arraignment, the record must affirmatively disclose that the criminal defendant was present when the court advised those charged of their rights. *State v. Miller*, 225 Neb. 269, 404 N.W.2d 45 (1987); *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984). Although a court " 'cannot presume a waiver of . . . federal rights from a silent record,' " *State v. Tweedy*, 209 Neb. at 652, 309 N.W.2d at 96, "a verbatim transcript of the rendition of a guilty plea is not constitutionally required, nor does absence of such a transcript require a finding that the plea was invalid," *State v. Ziemba*, 216 Neb. at 628, 346 N.W.2d at 218. "A checklist, authenticated by the signature or initials of the judge, which indicates that all constitutional requirements have been met, becomes a part of the record and may affirmatively establish an intelligent and knowing guilty plea." *State v. LeGrand*, 249 Neb. at 11, 541 N.W.2d at 387. See, *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996); *State v. Ziemba, supra.*

A valid guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right of confrontation, and the privilege against self-incrimination; but, a valid guilty plea does not waive the constitutional right to counsel because "[t]he right to counsel is not restricted to the actual trial on the merits." *State v. Dodson*, 250 Neb. 584, 589, 550 N.W.2d 347, 352 (1996). We must determine what constitutes a "valid guilty

plea," voluntarily and intelligently made, such that the afore-mentioned rights are actually waived. Hays admits that he was *advised* of the above rights, but argues that his guilty plea was not voluntarily and intelligently made because the trial judge did not tell Hays that by pleading guilty he was *waiving* those rights, nor did the judge ascertain whether Hays *understood* that he was waiving those rights. In *State v. Tweedy*, 209 Neb. at 652, 309 N.W.2d at 97, this court stated that "[i]f we concede that the record must affirmatively show an intelligent plea, understandingly entered, it is difficult to imagine how this can be demonstrated unless that same record discloses knowledge on the part of a defendant as to what rights he is waiving when entering such plea." It is implicit in this reasoning that a defendant must realize that by pleading guilty he is waiving certain rights of which he has been advised. In *State v. Ziemba*, 216 Neb. at 621, 346 N.W.2d at 214-15, this court stated in dicta that "while a defendant's attention need not be directed to each constitutional right and a separate waiver be obtained for each, the court must personally examine the defendant to ensure that he understands that his guilty plea waives those rights."

In *State v. Nowicki*, 239 Neb. 130, 474 N.W.2d 478 (1991), this court addressed whether the defendant's prior conviction affirmatively established that he had waived his right to counsel. The record contained a complaint, four checklist-type journal entries, and an order of probation. The court noted that a checklist can establish that a defendant was advised of his rights and voluntarily and intelligently waived them, citing *State v. Ziemba, supra.* The first checklist, created at the arraignment, indicated that the defendant had been advised of his right to counsel, but the space in the checklist for waiver of counsel was left blank. That space was left blank on the second checklist as well, which was created at trial. The third checklist showed only that the defendant failed to appear. Finally, the fourth checklist, created at the sentencing hearing, did contain a checkmark indicating the defendant had waived his right to counsel.

The court held that the first two checklists were not sufficient to affirmatively show the defendant voluntarily and intelligently *waived* his right to counsel, even though both *advised* the defendant of his right to counsel. The court then held that the

fourth docket entry could not be used to supplement the first two: "That docket entry indicates that [the defendant] was advised of his right to counsel and waived this right at the sentencing hearing. However, it does not demonstrate that [the defendant] *waived* his right to counsel at his arraignment and trial." (Emphasis in original.) 239 Neb. at 138, 474 N.W.2d at 485. *Nowicki* demonstrates the distinction between being advised of a right and waiving that right.

This court directly addressed the issue of a defendant's understanding that he is waiving his constitutional rights by pleading guilty in *State v. Porchia*, 221 Neb. 327, 376 N.W.2d 800 (1985). In *Porchia*, the record disclosed that

> while the district court did inquire of [the defendant] with regard to a number of matters before accepting his plea of guilty, it did not ask [the defendant] whether [he] understood that by entering a plea of guilty he was waiving his right to confront witnesses and to cross-examine them, as guaranteed to him by the sixth and fourteenth amendments to the U.S. Constitution.

*Id.*

The court held that the "district court's failure to *especially inquire on the record* whether [the defendant] *understood* that by entering a plea of guilty he was *waiving* his right to confront and cross-examine witnesses, the conviction and sentence must be set aside . . . ." (Emphasis supplied.) *Id.* at 328, 376 N.W.2d at 800-01. *Porchia*'s holding clearly indicates that a trial judge should ask a defendant whether he understands that by pleading guilty, he is waiving his constitutional right to a jury trial, the right of confrontation, and the privilege against self-incrimination. *State v. Dodson*, 250 Neb. 584, 590, 550 N.W.2d 347, 353 (1996) (stating that guilty plea was invalid when trial court failed to accurately inform defendant of his rights and "did not establish through questioning of [defendant] that [defendant] waived any of his rights freely, voluntarily, knowingly, and intelligently"). See, also, *Bowers v. Moore*, 266 Ga. 893, 895, 471 S.E.2d 869, 871 (1996) ("it is incumbent upon the trial court to ensure that a defendant understands that, by pleading guilty, he is relinquishing constitutional rights to which he is otherwise entitled"); *Sullivan v. State*, 636 A.2d 931, 937 (Del.

1994) ("[t]he record must reflect that the defendant understands that the guilty plea constitutes a waiver of a trial on the charges and the various constitutional rights to which he would have been entitled had he gone to trial"); *Stewart v. Justice Court*, 74 Cal. App. 3d 607, 609, 141 Cal. Rptr. 589, 590 (1977) (holding that guilty plea was invalid "because the record does not show *on its face* an *express* and *explicit* waiver of constitutional rights of jury trial, confrontation, privilege against self-incrimination, and counsel"); *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977) (holding that defendant must be told that if he pleads guilty he waives right to trial); *State ex rel. Jackson v. Henderson*, 260 La. 90, 103, 255 So. 2d 85, 90 (1971) ("[a]s we read *Boykin*, in taking a plea of guilty, an express and knowing waiver of at least these three federal constitutional rights must be made, which waiver cannot be presumed," consisting of privilege against self-incrimination, right to confront witnesses, and right to jury trial).

> "If the waiver were left to implication from conduct, there would be a danger of misinterpretation with respect to a right the importance of which requires there be certainty. Moreover, appellate courts would be faced with the burdensome task of determining whether the facts of the particular case warrant such an implication, whereas trial courts, without any difficulty, can eliminate doubt and safeguard the rights of both the defendant and the People by obtaining express statements from the defendant . . . ."

*Stewart v. Justice Court*, 74 Cal. App. 3d at 613, 141 Cal. Rptr. at 592, quoting *People v. Holmes*, 54 Cal. 2d 442, 353 P.2d 583, 5 Cal. Rptr. 871 (1960) (addressing validity of waiver of jury trial).

It is plain error for a trial judge to accept a criminal defendant's guilty plea without an affirmative showing that it was intelligent and voluntary, *State v. Dodson*, 250 Neb. 584, 550 N.W.2d 347 (1996); *Sullivan v. State, supra*, and a conviction must be set aside if it is the result of an invalid plea, *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984); *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981). We conclude that a guilty plea is valid only if the record affirmatively shows that a defendant understands that by pleading guilty he waives his

right to confront witnesses against him, his right to a jury trial, and his privilege against self-incrimination, or otherwise affirmatively shows an express waiver of said rights. In the instant case, the trial court properly advised Hays of all his rights, as the record shows that Hays was present during the group arraignment. In addition, the court personally informed Hays of the possible penalties he faced. Although the trial court did receive an express waiver of Hays' right to counsel, the record does not affirmatively show that Hays understood that by pleading guilty he was waiving his remaining rights, nor does it show that Hays expressly waived said rights. Furthermore, the checklist does not even contain appropriate boxes concerning the waiver of any right other than the right to counsel. We note that in every case, the colloquy or the checklist should affirmatively show that the defendant understands that by pleading guilty, he waives his right to confront witnesses against him, his right to a jury trial, and his privilege against self-incrimination, or that the defendant expressly waives said rights.

## CONCLUSION

We conclude that a guilty plea is valid only if the record affirmatively shows that a defendant understands that by pleading guilty he waives his right to confront witnesses against him, his right to a jury trial, and his privilege against self-incrimination, or otherwise affirmatively shows an express waiver of said rights. Thus, to support a finding that a plea of guilty or nolo contendere has been voluntarily and intelligently made, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he or she understands the foregoing, including, in the absence of an express waiver of such rights by the defendant, whether the defendant understands that by pleading guilty, the defendant waives his or her right to assistance of counsel, right to confront witnesses, and right to a jury trial. Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she

is charged. Because Hays did not expressly waive his rights to counsel, confrontation, and jury trial, and because the record does not affirmatively show that Hays understood that he was waiving those rights by pleading guilty, we reverse, and remand with directions to vacate the convictions and sentences.

REVERSED AND REMANDED WITH DIRECTIONS.