Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/31/2023 09:06 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
WESLEY A. MEAD, APPELLANT.
___ N.W.2d ___

Filed March 31, 2023.    No. S-22-010.

1. **Pleas: Appeal and Error.** A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion.
2. **Pleas: Waiver.** In order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he or she understands the foregoing. Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. A voluntary and intelligent waiver of the above rights must affirmatively appear from the face of the record.
3. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Petition for further review from the Court of Appeals, PIRTLE, Chief Judge, and BISHOP and WELCH, Judges, on appeal thereto from the District Court for Sherman County, KARIN L. NOAKES, Judge. Judgment of Court of Appeals reversed and remanded with directions.

Christopher P. Wickham, of Sennett, Duncan, Jenkins & Wickham, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, Siobhan E. Duffy, and Erin E. Tangeman for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

We granted further review of a Nebraska Court of Appeals decision[1] affirming plea-based convictions. Although the trial court did not ask if the defendant understood his rights or that his plea would waive certain constitutional rights, the Court of Appeals reasoned that the record as a whole demonstrated the pleas were entered voluntarily and intelligently. But our jurisprudence requires that the court examine the defendant and that the record show an affirmative, express waiver of rights. Because no such waiver appears in the record, we reverse, and remand the cause with directions.

## BACKGROUND

### Arraignment and Plea

The State charged Wesley A. Mead with 11 felonies. Mead appeared with counsel at the arraignment. The district court informed Mead that he had the right to a trial by a jury, the right to be confronted by all witnesses against him and to cross-examine those who testify against him at trial, the right to require witnesses to be present at any hearing or trial and to have them testify on his behalf, the right to remain silent and not be compelled to make any statement or testify against himself at any hearing, and the right to be represented by an attorney at all stages. The court also advised Mead that the State must prove beyond a reasonable doubt that Mead committed the offense charged before he could be convicted

---

[1] *State v. Mead*, No. A-22-010, 2022 WL 14169162 (Neb. App. Oct. 25, 2022) (selected for posting to court website).

of the offense and that if found guilty, he had the right to appeal the conviction. The court did not ask Mead if he understood those rights.

The court next informed Mead that he would be asked to enter a plea. The court explained the various consequences that would follow depending on whether Mead entered a plea of not guilty, a plea of guilty, or a plea of no contest. It stated, "If you plead guilty or no contest, you are advised that you're giving up all the rights previously explained to you except your right to an attorney and the right to appeal."

Following the explanation of the pleas, the court did not ask Mead if he understood the various pleas or if he had any questions.

The court instead asked if Mead could read, write, and understand the English language. Mead answered, "Yes." The court asked if Mead was under the influence of alcohol or any mind-altering substance and if he was taking any prescriptions that affected his judgment. The court inquired if Mead understood what the court was saying, and he answered, "Yes." The court stated, "It appears as though you are responding logically to the questions that I'm asking you."

The court inquired about a plea agreement. Mead's counsel replied that under the agreement, eight particular charges would be dismissed and Mead would enter a plea of guilty or no contest to the remaining three charges.

The court then read the three charges against Mead and asked if Mead understood the charges. He stated that he did. For each of the three charges, the court informed Mead of the felony classification—a Class IIIA felony, a Class IB felony, and a Class IV felony—and of the sentencing range. When the court asked whether Mead understood the possible penalties, Mead said, "Other than I thought the IB [felony] only was a 15-year minimum, at least that's what I've read in your law books, revised of 2016." After a discussion with counsel, the court "reiterate[d] the penalty on sexual

assault of a child, first degree." The court then ascertained that Mead understood the possible penalties.

For each charge, Mead entered a plea of no contest and the prosecutor provided a factual basis. The court asked if Mead contested the factual bases, and Mead answered, "Yes." Mead's counsel clarified: "My client is saying I entered a no contest. I don't agree with it, but I'm not contesting it." Mead confirmed that was correct and that he was not contesting the factual basis provided by the State. The court found that a factual basis existed and that Mead was guilty of the three charges beyond a reasonable doubt.

## Sentencing

The court ordered a presentence investigation. During the sentencing hearing, Mead's counsel stated that Mead had requested counseling a number of times to "go through feelings" and "go through issues" but had not been provided a counselor. The court imposed consecutive sentences of imprisonment.

## Appeal

Mead appealed and assigned three errors. Among other things, he assigned that his no contest pleas were not entered freely, intelligently, voluntarily, understandingly, and knowingly and that his trial counsel was ineffective in failing "to file a motion to obtain a psychological evaluation prior to sentencing for mitigation purposes."

The Court of Appeals affirmed Mead's convictions and sentences. It determined that Mead knew and understood what was happening at the plea hearing and that he asked questions when he did not understand something that was said. As to Mead's claim that counsel provided ineffective assistance of counsel in failing to file a motion to obtain a psychological evaluation prior to sentencing, the Court of Appeals reasoned that the record showed counsel was not ineffective.

Mead filed a petition for further review, which we granted.

## ASSIGNMENTS OF ERROR

Mead assigns two errors in his petition for further review. First, Mead alleges that the Court of Appeals erred by finding that his pleas of no contest were entered freely, intelligently, voluntarily, understandingly, and knowingly. Second, Mead alleges that the Court of Appeals erred by finding that trial counsel was not ineffective by failing to file a motion to obtain a psychological evaluation prior to sentencing for mitigation purposes.

## STANDARD OF REVIEW

[1] A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion.[2]

## ANALYSIS

### Pleas

Mead challenges the validity of his no contest pleas. He alleges that the Court of Appeals erred by finding that his pleas were entered freely, intelligently, voluntarily, understandingly, and knowingly. We agree.

[2] We have delineated the requirements for a valid plea of guilty or no contest. In order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he or she understands the foregoing. Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which

---

[2] *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019).

he or she is charged.[3] A voluntary and intelligent waiver of the above rights must affirmatively appear from the face of the record.[4]

The record shows that the district court complied with most, but not all, of this dictate. The court properly informed Mead of the nature of the charges and his rights. It obtained a factual basis for the charges and advised Mead of the range of penalties. However, the district court did not examine Mead to determine whether he understood the right to assistance of counsel, the right to confront witnesses, the right to a jury trial, or the privilege against self-incrimination. And although the court informed Mead that a plea of guilty or no contest would give up some of the rights previously explained, the court did not ask Mead if he understood that a guilty or no contest plea would waive those rights.

The requirement that the record show a voluntary and intelligent waiver of a defendant's rights is derived from the U.S. Supreme Court's decision in *Boykin v. Alabama*.[5] There, the Court held that a defendant's guilty plea was invalid unless the record affirmatively showed that the defendant voluntarily and intelligently waived the rights to trial by jury, to remain silent, and to confront accusers. The Court stated, "We cannot presume a waiver of these three important federal rights from a silent record."[6]

Following the lead of *Boykin*, our decisions require that the record contain an affirmative waiver of the constitutional rights to a jury trial, to remain silent, and to confront

---

[3] *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). See, also, *State v. Manjikian, supra* note 2; *State v. Lee*, 282 Neb. 652, 807 N.W.2d 96 (2011); *State v. Buckman*, 259 Neb. 924, 613 N.W.2d 463 (2000); *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997); *State v. Ponec*, 236 Neb. 710, 463 N.W.2d 793 (1990).

[4] *State v. Lee, supra* note 3.

[5] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

[6] *Id.*, 395 U.S. at 243.

accusers. In *State v. Porchia*,[7] the record revealed that the court did not ask the defendant if he understood that his guilty plea waived his right to confront and cross-examine witnesses. We set aside the conviction and sentence due to the "court's failure to especially inquire on the record whether [the defendant] understood that by entering a plea of guilty he was waiving [that right]."[8]

We built on *Boykin* in *State v. Irish*.[9] There, we set forth what the record must show to support a finding that a plea of guilty or no contest has been entered freely, intelligently, voluntarily, and understandingly. Among the necessary advisements were that the court inform the defendant concerning the nature of the charge, the right to assistance of counsel, the right to confront witnesses against the defendant, the right to a jury trial, and the privilege against self-incrimination. We stated that the court must also "examine the defendant to determine that he or she understands the foregoing."[10] We added that the record must establish that there is a factual basis for the plea and that the defendant knew the range of penalties for the crime charged.

A decade later, in *State v. Hays*,[11] we reiterated that an affirmative, express waiver of rights is required. There, the trial court advised the defendant of his rights but did not ascertain whether the defendant understood that he was waiving those rights. We stated that "a guilty plea is valid only if the record affirmatively shows that a defendant understands that by pleading guilty he waives his right to confront witnesses against him, his right to a jury trial, and his privilege

---

[7] *State v. Porchia*, 221 Neb. 327, 376 N.W.2d 800 (1985).

[8] *Id.* at 328, 376 N.W.2d at 800-01.

[9] *State v. Irish, supra* note 3.

[10] *Id.* at 820, 394 N.W.2d at 883.

[11] *State v. Hays, supra* note 3.

against self-incrimination, or otherwise affirmatively shows an express waiver of said rights."[12]

Here, the Court of Appeals recognized, but did not enforce, the requirement from *Hays* that the record affirmatively show an express waiver. The court reasoned that although the trial court did not specifically ask Mead if he understood the rights he was waiving by pleading no contest, the record as a whole showed that Mead understood those rights. The court explained that "Mead did not express a lack of understanding about what the court was saying and there was nothing in the record to indicate he did not understand."[13] The court also determined that Mead "fail[ed] to affirmatively assert [on appeal] that he did not understand when the court advised him of the rights he was waiving" and "simply asserts that the court did not ask him if he understood."[14]

Rather than delving into whether a trial court's colloquy with a defendant before accepting a plea of guilty or no contest comes "close enough" to compliance with *Irish*, we instead adhere to the mandates of cases such as *Porchia*, *Irish*, and *Hays*. Trial courts must ask the defendant whether he or she understands that a plea of guilty or no contest waives the right to confront witnesses, the right to a jury trial, and the privilege against self-incrimination, or the record must otherwise show that the defendant expressly waives those rights.

We are confident that our trial courts have followed our admonition over 40 years ago to "devise and implement a standard procedure for explaining the various rights to defendants entering pleas of guilty [or no contest]."[15] Although we then asserted that "there should be no reason in the future for a court to fail to properly advise defendants of their

---

[12] *Id.* at 475-76, 570 N.W.2d at 829.

[13] *State v. Mead, supra* note 1 at *2.

[14] *Id.* at *3.

[15] *State v. Tweedy*, 209 Neb. 649, 656, 309 N.W.2d 94, 98 (1981).

constitutional rights when offering pleas of guilty [or no contest],"[16] we recognize that a standard procedure is not an ironclad guarantee against error. Here, the record does not show why the omission occurred.

Because the record does not show that the court asked Mead if he understood that by entering a plea of guilty or no contest he was waiving specified constitutional rights, his pleas must be vacated. Like in *State v. Ettleman*,[17] we think the appropriate remedy is to essentially return the State and Mead to the positions they were in before the court accepted Mead's pleas. Thus, we reverse the Court of Appeals' decision and remand the cause to that court with directions to reverse Mead's convictions, vacate the sentences, and remand the matter to the district court with instructions to hold a new arraignment hearing.

### Ineffective Assistance of Counsel

[3] Mead also assigns that the Court of Appeals erred by finding trial counsel was not ineffective for failing to file a motion to obtain a psychological evaluation prior to sentencing. Because we are reversing the decision of the Court of Appeals and remanding the cause with directions for further proceedings, we need not resolve this issue. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[18]

### CONCLUSION

Because the record did not affirmatively show that Mead understood his rights or that he expressly waived them, the Court of Appeals erred in finding that his no contest pleas

---

[16] *Id.*

[17] *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d 538 (2019).

[18] *State v. Yzeta, ante* p. 202, 983 N.W.2d 124 (2023).

were voluntarily and intelligently entered. We reverse the decision of the Court of Appeals and remand the cause to that court with directions to reverse Mead's convictions, vacate the sentences, and remand the matter to the district court with instructions to hold a new arraignment hearing.

Reversed and remanded with directions.